Griffith, J.
None of the material facts in this case seem to be in dispute. The Juvenile Court did not provide appellant with legal counsel; it did not advise him of his constitutional rights prior to the hearing; and it did not inform him that he could have an attorney to represent him if he so wished. Petitioner admits that he did not request an attorney to represent him.
The proceeding in the Juvenile Court was informal in nature, and the court proceeded under Section 2151.35, Revised Code, which reads in part as follows:
“The court shall hear and determine all eases of children without a jury. If the court finds that the child is a juvenile traffic offender or is delinquent, neglected, or dependent, it may by order entered proceed as follows:
*477 “(E) Commit a male child over 16 years of age who has committed an act which if committed by an adult would be a felony to the Ohio State Reformatory.”
The evidence shows that the appellant is a proper subject of commitment to the Ohio State Reformatory. He was at the time an incorrigible juvenile, with a record of delinquency and derelictions that led the court to the conclusion that recommitment of him to the Boys Industrial School at Lancaster would not correct him, and the court in its sound discretion committed him to the Ohio State Reformatory.
The appellant contends that Section 2151.35 (E), Revised Code, is unconstitutional in that it permits the commitment of a delinquent child, without an indictment or a jury trial, and thus violates the Fifth, Sixth and Fourteenth Amendments to the United States Constitution. These constitutional provisions relate to the preservation of the right of trial by jury and to the right of the accused in a criminal prosecution. There can be no question that a defendant in a criminal case is entitled to be represented by counsel.
Proceedings in a Juvenile Court are civil in nature and not criminal. The appellant was not prosecuted for a criminal offense. The appellant was never indicted, never convicted and never sentenced.
Section 2151.35, Revised Code, is a lengthy section of the Code, and the whole import of the section implies protection for the minor and not punishment. It provides that, when the court renders judgment, such judgment shall not impose any of the civil disabilities ordinarily imposed by conviction, that no child shall be charged with or convicted of a crime in any court except as provided by Section 2151.26, Revised Code, and that the disposition of the case made by the court and the evidence, if it has been reduced to writing, shall not operate to disqualify a child in any future civil service examination, appointment or application.
The hearing in the Juvenile Court is upon the status of a minor child, in the nature of a guardianship, and this is so even though the minor child is over 16 years of age and commits an act which, if committed by an adult, would constitute a felony. The Legislature by this act clearly is not inclined to brand *478 the appellant with a mark of infamy or to set a mark of disgrace upon him. It is for the purpose of correction and rehabilitation and not for punishment.
The notice of appeal in this case recites that “plaintiff-appellant alleges that his rights under the Fourteenth (14th) Amendment of the United States Constitution have been violated.”
Such Fourteenth Amendment recites in pertinent part:
“No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.” •
This constitutional provision, which requires due process and does not require the presence of counsel, in this instance, has not been violated.
Section 10, Article I of the Ohio Constitution, and the Fifth and Sixth Amendments to the United States Constitution, being applicable only to the rights of accused persons charged with criminal offenses, do not apply to, or require the appointment of counsel in, a delinquent-child proceeding in the Juvenile Court.
It is the conclusion of this court that the appellant has enjoyed all the rights and privileges allowed under the Constitution of the state of Ohio, and under the Constitution of the United States, and that, therefore, the judgment of the Court of Appeals should be, and hereby is, affirmed.

Judgment affirmed.

Zimmerman, Matthias, O’Neill and Herbert, JJ., concur.
Gtbson, J., concurs in the syllabus and judgment.